IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| KORAM COMPANY, LTD d/b/a<br>BELIEF TRADING COMPANY<br><br>    Plaintiff,<br><br>vs.<br><br>BRISTOL COMPRESSORS<br>INTERNATIONAL, LLC<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. _____<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, Koram Company, LTD d/b/a Belief Trading Company, by and through undersigned counsel, and for its complaint against the Defendant, Bristol Compressors International, LLC ("Defendant" or "Bristol Compressors"), would show unto this Court as follows:

## NATURE OF THE ACTION

1. This is an action for breach of contract, unjust enrichment, and lost profits due to a breach of a short term supply agreement between the parties.

## THE PARTIES

2. Plaintiff Koram Company, LTD d/b/a Belief Trading Company ("Plaintiff or "Koram") is a South Korean corporation with a principal place of business in South Korea with the address of (415-862) 7-13, Guijeon-ri, Tongjin-eup, Gimpo-si, GYEONGGI-DO. It was the South Korean distributor for products made by Bristol Compressors International, LLC. For purposes of assessing diversity jurisdiction, Plaintiff is a foreign corporation.

1

3. Bristol Compressors International, LLC is a Delaware Foreign Limited Liability Company, registered to conduct business in Virginia with its principal place of business and mailing address at 15185 Industrial Park Road, Bristol, Virginia 24202. Defendant's registered agent is Corporation Service Company, 100 Shockoe Slip, 2nd Floor, Richmond, Virginia 23219.

## JURISDICTION

4. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1332 as there is diversity between the parties and the amount of Plaintiff's claims exceeds $75,000.

5. This Court is the proper venue of this action pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this judicial district.

## FACTS

6. Bristol Compressors operated a factory that manufactured air conditioning and refrigeration compressor components in Washington County, Virginia, until its wind-down that was overseen by Winter Harbor.

7. Prior to the time of the wind-down, Plaintiff and Defendant engaged in a fruitful business relationship, in which Plaintiff would order products from Defendant, Defendant would ship those products to Plaintiff in Korea, and Plaintiff would timely pay the bills incurred from the purchase of Defendant's products.

8. Plaintiff then took the refrigeration compressor components manufactured by Defendant and made larger items which were sold to Plaintiff's customers.

9. On or about August 28, 2018, a Short Term Supply Agreement ("Agreement") was entered into between Plaintiff and Defendant. A true and correct copy of the Agreement is

attached hereto as **Exhibit 1**. In the Agreement, Plaintiff agreed to pay Defendant $77,887.48 in cash, representing the total balance due and owed by Plaintiff to Defendant as of the effective date of the Agreement. Thereafter, Plaintiff would purchase products from Defendant in the quantities and at the prices listed in Attachment A to Exhibit 1, and Defendant would ship the products to Plaintiff in a manner and location specified by Plaintiff.

10. Since August 28, 2018, Plaintiff has paid both the $77,887.48 for the total balance due and owed by it to Defendant as well as $279,736.50 for 1,272 total items pursuant to Attachment A to Exhibit 1.

11. Plaintiff paid $230,483.66 for Order CO 86621 to Defendant, but Defendant failed to deliver 143 compressors ordered and paid for by Plaintiff. Order CO 86621 invoices are attached hereto as **Exhibit B**.

12. Defendant stated via e-mail that the 143 parts could not be satisfied, but did not remit a refund. E-mail correspondences between Plaintiff and Defendant on November 2 and 7, 2018, are attached hereto as **Exhibit C**.

13. Thereafter, Plaintiff followed-up via e-mail to Defendant seeking over-payment in the amount of $65,056.05, including freight charges, but Defendant did not refund the over-payment.

14. Though Defendant received the money for goods, Defendant has failed to ship 143 compressors or to provide the raw materials purchased on behalf of Plaintiff to Plaintiff.

15. Additionally, Plaintiff over-paid shipping costs for these products in the amount of $6,360. An invoice for shipping costs is attached as **Exhibit D**.

16. In total, Plaintiff is owed $65,056.05 by Defendant for the over-payment of cancelled compressor shipments that were paid for, but not delivered.

17.  Plaintiff has suffered reasonably certain lost profits due to Defendant's breach of the Agreement.

18.  In sum, Defendant has not fulfilled its end of the bargain to provide compressors that were paid for, and Plaintiff has suffered damages of at least $75,000.

## COUNT I
### Breach of Contract

19.  Plaintiff reasserts and incorporates by reference paragraphs 1-18 of this Complaint as if fully set forth herein.

20.  A contract was established between Plaintiff and Defendant as shown in **Exhibit 1**, the "Agreement." Through this business relationship, Plaintiff submitted purchase orders to Defendant, Defendant sent invoices, and such invoices were paid by Plaintiff.

21.  Plaintiff has fully performed its obligations under the Agreement.

22.  Despite payment for both the items and shipping costs invoiced to Plaintiff, Defendant has failed to provide 143 compressors or to provide the raw materials purchased on behalf of Plaintiff to Plaintiff.

23.  To date, Defendant has not delivered the 143 compressors to Plaintiff.

24.  To date, Defendant has not refunded payment for the 143 compressors.

25.  To date, Defendant has not refunded the shipping costs for the 143 compressors.

26.  Defendant's failure to provide the 143 compressors, or in the alternative refund the pre-paid amounts for the 143 compressors and corresponding shipping costs, is a default of Defendant's obligations and constitutes a material breach of the Agreement.

27.  As a direct and proximate result of Defendant's contractual breaches, Plaintiff has suffered contractual damages and is entitled to judgment in its favor and against Defendant in the principal amount of $65,056.05, plus interest, costs, attorneys' fees, and all other damages to

which Plaintiff may be entitled in an amount to be shown at trial.

## COUNT II
### Unjust Enrichment

28.     Plaintiff reasserts and incorporates by reference paragraphs 1-27 of this Complaint as if fully set forth herein.

29.     Defendant received a benefit when Plaintiff paid money for 143 compressors and corresponding shipping costs but Defendant kept the money and did not supply the items. Additionally, Defendant did not refund the money for the 143 compressors or the corresponding shipping costs, which also conferred a benefit on Defendant.

30.     Plaintiff paid the purchase price and shipping costs to Defendant with the reasonable expectation that it would receive 143 compressors in return pursuant to the Agreement.

31.     Defendant appreciated or had knowledge of this benefit since Plaintiff had attempted to collect this money multiple times from both Defendant and its financial assessor during the wind-down process.

32.     It is against equity and good conscience for Defendant to retain the benefits of Plaintiff's performance under the Agreement without receiving the 143 compressors and/or receiving a refund for the payment of said compressors and the corresponding shipping costs.

## COUNT III
### Recovery of Loss of Profits

33.     Plaintiff reasserts and incorporates by reference paragraphs 1-32 of this Complaint as if fully set forth herein.

34.     Plaintiff relied on compressors from Defendant in order to include into its products which were sold to its own customers.

35. At the time of Defendant's breach, Plaintiff had a purchase order from a customer (the "customer") for 136 units, which required 136 compressors from Defendant. The total amount for the purchase order was $75,736.88. The purchase order is attached as **Exhibit E**.

36. Plaintiff sent the order for the 136 units to Defendant previously. The purchase order to Defendant is attached as **Exhibit F**.

37. At the time of Defendant's breach, Plaintiff had previously tendered payment for the 136 units at $417.69 per unit. Plaintiff then paid for the corresponding shipping costs for the compressors. Defendant never fulfilled the order for the 136 compressors despite Plaintiff paying.

38. The customer had tendered a thirty percent deposit in the amount of $22,721.07 (or KRW 25,581,600) to Plaintiff in anticipation of receiving the 136 units, which encompassed 136 compressors.

39. The amount for the purchase order for the 136 units totaled $75,736.88 (or KRW 85,272,000).

40. Due to Defendant's breach, Plaintiff had no choice but to refund the deposit in the amount of $22,721.07 because it did not have the compressors from Defendant to fulfill the order. The refund confirmation is attached as **Exhibit G**.

41. Defendant's breach was the direct and proximate cause of the damage, *i.e.*, losing both the deposit in the amount of $22,721.07 and the total amount of $75,736.88.

42. But for Defendant's breach, Plaintiff would have retained the $22,721.07 and received the remainder of the total amount from the customer.

43. Defendant knew, or should have reasonably foreseen, at the inception of the contract that non-fulfillment of the 136 orders without refund to Plaintiff would cause it financial

loss.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff prays for the following relief:

a) That process and summons issue to compel Bristol Compressors International, LLC, to appear and answer this Complaint;

b) Plaintiff be awarded damages in an amount sufficient to compensate it for all losses, damages, and expenses incurred arising from the Short Term Supply Agreement and attributable to Bristol Compressors International, LLC's conduct, in the specific amounts to be shown at trial;

c) That Bristol Compressors International, LLC return any raw materials purchased on behalf of Plaintiff.

d) The Court award Plaintiff pre-judgment interest and costs, including, but not limited to, its attorneys' fees incurred in prosecuting this action pursuant to the Short Term Supply Agreement;

e) That this Court grant Plaintiff such other relief, both general and specific, to which it may be entitled under the premises.

Respectfully submitted,

/s/ M.A. Fulks
Mark A. Fulks (VA No. 86012)
Attorney at Law
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
100 Med Tech Parkway, Suite 200
Johnson City, Tennessee 37602
Phone: (423) 928-0181
mfulks@bakerdonelson.com

*Attorney for Plaintiff Koram Company, Ltd d/b/a Belief Trading Company*